IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MOHAMMAD RAFIQ,

                                                             ORDER

                      Plaintiff,

v.                                                       10-cv-752-wmc

WILSHIRE CREDIT CORP.,
BAC HOME LOANS, AMY KOLTZ,
and BANK OF AMERICA,

                    Defendants.
_____

       Plaintiff Mohammad Rafiq filed this civil action on December 1, 2010, against defendants Wilshire Credit Corp., BAC Home Loans, Amy Koltz and Bank of America and on December 15, 2010, paid the $350 filing fee.

       In an order dated December 17, 2010, I directed plaintiff to serve his complaint on the defendants and submit proof of service as soon as he had it. I told plaintiff that if, by February 16, 2011, he had not submitted proof of service or written to the court to explain why he had not been able to serve his complaint, I would order him to show cause why his case should not be dismissed. The court has not received proof of service from plaintiff or a written explanation of the efforts he has made to serve the defendants. On February 18, 2011, plaintiff called the clerk of court and advised that he would soon be submitting his proof of service. Over three weeks have passed and plaintiff still has not filed proof of service.

       Under Fed. R. Civ. P. 4(m), the outside deadline for serving the complaint is April 14, 2011. (Plaintiff's complaint is considered to have been filed on December 15, 2010, when he paid the fee for filing his complaint. One hundred and twenty days from December 15 is April

14, 2011.) At this point, however, I believe it is prudent to require plaintiff to communicate to the court in writing to report what steps he has taken to serve his complaint on the defendants.

ORDER

IT IS ORDERED that plaintiff may have until March 23, 2011, to advise the court in writing what steps he has taken to serve his complaint on the defendants.  If, by March 23, 2011, plaintiff fails to respond to this order, then the clerk of court is to enter judgment dismissing this action without prejudice for plaintiff's failure to prosecute.

Entered this 9th day of March, 2011.

                                              BY THE COURT:

                                              /s/

                                              STEPHEN L. CROCKER
                                              Magistrate Judge